## MARTIN DEAN v. THE STATE.

### No. 3293.    Decided January 31, 1906.

**Selling Liquor to Minor—Charge of Court—Insufficiency of Evidence.**

Where the defendant was charged with selling liquor to a minor and the proof showed upon trial that the local option law was in force, and that there was no gift of the liquor to the minor, it was error to charge the jury that if the defendant sold or caused to be sold, or gave or caused to be given intoxicants to prosecutor he would be guilty; and it was also error not to have submitted the requested charge to the effect that if the prosecutor and the defendant ordered the whisky together and the defendant simply gave the prosecutor the whisky which the latter had ordered and for which he had furnished the money to acquit; and the question of sale should not be considered.

Appeal from the County Court of Hill. Tried below before Hon. N. J. Smith.

Appeal from a conviction of selling liquor to minor; penalty, a fine of $25.

The opinion states the case.

*Wear, Morrow & Smithdeal,* for appellant.—On question of gift, Reed v. State, 44 S. W. Rep., 1093. On question of sale to minor in local option territory, Tracy v. State, 12 Texas Ct. Rep., 644; Atkinson v. State, 9 id., 756.

*Howard Martin,* Assistant Attorney-General, for the State.—On question of sale to minor in local option territory, Tompkins v. State, Tyler Term, 1905, 49 Texas Crim. Rep.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with selling and giving away intoxicating liquor to a minor. It is admitted that the local option law was in force in the territory where the alleged sale occurred. The evidence shows that appellant and the alleged purchaser raised the sum of $2 for the purpose of ordering whisky from Waco; that Milliken was to furnish 50 cents and appellant the remainder. Appellant made the order. When the whisky came he turned over to Milliken his 50 cents worth of the whisky. This is the case in a nut-shell. The court instructed the jury, if appellant sold or caused to be sold or gave or caused to be given intoxicants to Milliken, he would be guilty. Milliken was a minor, as is appellant. Exception was reserved to this portion of the charge. The following charge was asked: "If you believe from the evidence that Fred Milli-

ken and defendant together ordered whisky for themselves and that they each furnished their money for the purpose of making said order, and that when said whisky came defendant got the same out of the express office, and gave to said Fred Milliken the whisky that he had ordered and for which he had furnished the money, you will find defendant not guilty." This charge should have been given. There is no pretense that there was a gift. If there was anything it was a sale. However, we do not believe this is shown by the facts. This charge was directly pertinent to the case made by both sides. The facts stated in the charge would exonerate appellant from a sale. But even if there was a sale, the local option law was in force, and this, under the authorities, would operate to suspend the law against sale to minors in such territory while such law was in operation. A further charge was asked: "You are instructed, you must not consider the question of a sale of whisky to the witness Fred Milliken, because the court here withdraws from your consideration the issue as to a sale." This charge was refused. It should have been given. Sale to a minor can not be prosecuted under the statute prohibiting sales to minor, where the sale occurs in local option territory. If a sale occur, it would be a violation of the local option law. In no event could appellant be convicted for selling to a minor in local option territory. The charge must be, if there is a sale, that it was in violation of the local option law. The judgment is reversed and the cause remanded.

*Reversed and remanded.*